UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSE DE JESUS MENDOZA-LOERA, | ) |
| Petitioner, | ) |
| v. | ) No. 2:25-cv-00554-JPH-MJD |
| WARDEN, CLAY COUNTY JAIL, SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. ATTORNEY GENERAL, | ) |
| Respondents. | ) |

**ORDER GRANTING PETITION FOR HABEAS CORPUS**

Jose de Jesus Mendoza Loera is a noncitizen who entered the United States without inspection around 1997. Dkt. 1 ¶ 9. On October 12, 2025, federal agents detained Mr. Mendoza Loera in Illinois, transferred him to Clay County Jail in Indiana, and then initiated removal proceedings. *Id.*, ¶¶ 14–15. Mr. Mendoza Loera now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody or a prompt bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.*, ¶ 4. For the reasons explained below, the Court **grants** the petition to the extent that **no later than 5:00 p.m. on November 25, 2025, Respondents must either**: (1) afford Mr. Mendoza Loera an individualized bond hearing before an Immigration Judge ("IJ") pursuant to 8 U.S.C. § 1226(a); or (2) release Mr. Mendoza Loera from custody, under reasonable conditions of supervision.

1

## I. Background

Mr. Mendoza Loera entered the United States without inspection around the year 1997. Dkt. 1 ¶ 9. He has resided in the United States continuously with his family since then. *Id.*, ¶¶ 10–11. At one point, Mr. Mendoza Loera's U.S. citizen daughter filed an I-130 Petition for Alien Relative on his behalf, which remains pending. *Id.*, ¶ 11. Mr. Mendoza Loera's only criminal history is a resolved DUI from 2005. *Id.*, ¶ 13.

Federal agents arrested Mr. Mendoza Loera in Chicago, Illinois as part of "Operation Midway Blitz" and transferred him to an Immigration and Customs Enforcement ("ICE") holding facility. Dkt. 13-2 at 2 (I-213 Narrative). That same day, Department of Homeland Security ("DHS") issued Mr. Mendoza Loera a "Form I-200 Warrant of Arrest of Alien," which commanded "any immigration officer authorized pursuant to sections 236 [8 U.S.C. § 1226] and 287 [8 U.S.C. § 1357] of the Immigration and Nationality Act" to arrest Mr. Mendoza Loera. Dkt. 1-2 at 2.

On October 13, DHS gave Mr. Mendoza Loera a "Notice of Custody Determination," advising him that he was being detained "[p]ursuant to the authority contained in section 236 [8 U.S.C. § 1226] of the Immigration and Nationality Act." Dkt. 1-1 at 3. DHS then initiated removal proceedings under 8 U.S.C. § 1229(a) and issued Mr. Mendoza Loera a Notice to Appear. Dkt. 1-1 at 4–6. The Notice to Appear charges him with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") [8 U.S.C. § 1182(a)(6)(A)(i)] as "an alien present in the United States without being admitted or paroled, or who

arrived in the United States at any time or place other than as designated by the Attorney General" and § 212(a)(7)(A)(i)(I) [8 U.S.C. § 1182(a)(7)(A)(i)(l)] as an "immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa . . . " *Id.* The "arriving alien" checkbox is unmarked. *Id.* Mr. Mendoza Loera was subsequently transferred to Clay County Jail in Brazil, Indiana, where he remains detained. *Id.* at 7.

On October 29, DHS filed the Notice to Appear with the Executive Office for Immigration Review ("EOIR"). Dkt. 1-2 at 8 (Notice to EOIR). On November 3, Mr. Mendoza Loera attended a Master Calendar Hearing where the Immigration Judge ("IJ") denied his request for a bond hearing because "[t]he court lacks jurisdiction to consider bond under Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025)." Dkt. 13-3 (Order of the Immigration Judge).

On November 5, Mr. Mendoza Loera filed this writ of habeas corpus petition, arguing that Respondents are unlawfully detaining him under 8 U.S.C. § 1225(b)(2)(A). Dkt. 1. Petitioner argues that he may only be properly detained under 8 U.S.C. § 1226(a), which entitles him to an individualized bond hearing. *Id.*

On November 20, Petitioner attended another Master Calendar Hearing before an IJ. Dkt. 15.

## II.   Discussion

Mr. Mendoza Loera claims that his current detention violates the INA (Count I) and the Due Process Clause of the Fifth Amendment (Count II). Dkt. 1 ¶¶ 23–28. Respondents argue that Mr. Mendoza Loera is lawfully detained under

3

the INA pursuant to 8 U.S.C. § 1225(b)(2) because he is an unadmitted alien, and, in the alternative, he is lawfully detained under the INA pursuant to 8 U.S.C. § 1226 because he had a hearing. Dkt. 13 at 10. Mr. Mendoza Loera argues that he is detained pursuant to § 1226 because federal agents arrested and detained him explicitly pursuant to § 1226 [INA § 236], not § 1225 [INA § 235]. Dkt. 1 ¶ 2; *see, generally*, dkt. 1-1. Moreover, Mr. Mendoza Loera's detention under § 1226 is unlawful because Respondents refuse to provide the requisite custody review hearing. *Id.* ¶ 3.

### A. 8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an IJ. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011). Section 1226(a) provides:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States .... [T]he Attorney General—
>
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on—
> (A) bond . . . ; or

4

    (B) conditional parole . . ..

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8), (d)(1). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

    Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers *shall* order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

    Section 1225(b)(2) pertains to "[i]nspection of other aliens." In relevant part, it provides that "in the case of an alien who is an *applicant for admission*,

5

if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, the alien *shall be* detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

### B. Mr. Mendoza Loera Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)

Mr. Mendoza Loera argues that DHS's documents show that he is detained under the discretionary detention framework set forth in 8 U.S.C. § 1226(a). Dkt. 10 at 6–8. Respondents do not address the documents showing that Mr. Mendoza Loera is detained pursuant to § 1226. Instead, Respondents argue that Mr. Mendoza Loera is subject to the broader "catchall provision" in § 1225(b)(2) because he meets the criteria. Mainly, he is an "alien . . . who has not been admitted"—an "applicant for admission" according to § 1225(a)(1). Dkt. 13 at 6. Mr. Mendoza Loera does not directly respond to Respondents' statutory arguments. He claims that "DHS cannot retroactively categorize a long-settled noncitizen as seeking admission in order to avoid the bond procedures of § 1226(a)" and cites to a recent decision in this Court, *Singh v. Bondi et al*, No. 1:25-cv-02101 (S.D. Ind. Oct. 30, 2025) (finding that a noncitizen who was apprehended, released, and then arrested again with a warrant was detained

6

pursuant to § 1226 because the record showed that the government had decided to detain him under this provision).

The record shows that DHS is detaining Mr. Mendoza Loera pursuant to § 1226. DHS issued an arrest warrant that explicitly invokes § 1226. Dkt. 1-2 at 2. Moreover, the text of § 1226 authorizes the arrest and detention of aliens with a warrant while § 1225 does not reference warrants. In addition to the warrant, DHS gave Mr. Mendoza Loera a "Notice of Custody Determination," which explicitly stated that he was being detained under § 1226. Dkt. 1-2 at 3. This Notice also gave Mr. Mendoza Loera the opportunity to request a bond hearing, which he requested. *Id.* That Mr. Mendoza Loera was given the opportunity to request a bond hearing provides further support that DHS detained him pursuant to § 1226. Federal regulations "provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)).

DHS's documents make it clear that Mr. Mendoza Loera is eligible for bond under the plain language of § 1226(a). *See Campos Leon v. Forestal*, No. 1:25-CV-01774-SEB-MJD, 2025 WL 2694763, at *3 (S.D. Ind. Sept. 22, 2025) ("It is difficult to find that § 1226(a) carries any meaning if the aliens it expressly addresses—those arrested and detained pursuant to warrants—are not actually subject to its provisions."). "[T]he Government has affirmatively decided to treat" Mr. Mendoza Loera "as being detained under Section 1226(a) and it cannot now be heard to change its position to claim that he is detained under Section 1225(b)." *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *6 (N.D. Ill.

Oct. 24, 2025) (citing *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)).

Indeed, Respondents' citation to the few district court opinions that have found that noncitizens arrested in the interior were properly detained pursuant to § 1225 emphasize that in those instances, DHS did not issue a warrant for the alien's arrest and detention. *See, e.g., Sandoval v. Acuna*, 2025 WL 3048926, at *5 (W.D. La. Oct. 31, 2025) ("Petitioner does not allege that the Attorney General issued a warrant for her arrest and detention, further indicating that Petitioner is properly detained under § 1225(b) as an 'applicant for admission,' not § 1226(a)"); *Vargas Lopez v. Trump*, 2025 WL 2780351, at *7 (D. Neb. Sept. 30, 2025) ("This failure of proof of a warrant for Vargas Lopez's arrest is fatal to the Second Cause of action. Vargas Lopez has not provided this Court with the documents necessary for Vargas Lopez to be eligible for release on bond under § 1226."). Only one case, *Cirrus Rojas v. Olson, et al.*, No. 25-cv-1437-bhl, dkt. 20, (E.D. Wis. Oct. 31, 2025), found that a petitioner's detention fell under § 1225 despite having been issued a warrant citing § 1226 and granted bond in a previous hearing. *Cirrus Rojas* does not compel the Court to conclude that § 1225 applies here. The cases are not identical factually and the Court finds here that the nature and circumstances of Mr. Mendoza Loera's arrest and proceedings support application of § 1226 rather than § 1225.

Aside from the record evidence, Respondents' statutory argument fails because it only makes sense when § 1225(b)(2) is read in complete isolation from the rest of § 1225. Respondents argue that § 1225(b)(2) pertains to Mr. Mendoza

8

Loera because he is an "applicant for admission"—he has not been admitted—who is "seeking admission," and who is "not clearly and beyond a doubt entitled to be admitted." Dkt. 13 at 6. While each term could apply to Mr. Mendoza Loera in isolation—he is an "applicant for admission" because he is an unadmitted alien, he is not clearly and beyond doubt entitled to be admitted, and he could possibly be said to be "seeking admission" because his daughter has submitted an I-130 Petition on his behalf — "the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Davis v. Michigan Dep't of Treasury*, 489 U.S. 803, 809 (1989); *see also King v. Burwell*, 576 U.S. 473, 486 (2015) (Our duty, after all, is "to construe statutes, not isolated provisions.") (internal quotation omitted).

Considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States. Section 1225 is titled: "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing" and it repeatedly refers to "arriving" aliens throughout. *See* 8 U.S.C. § 1225(b)(1)(A)(i) (screenings for aliens "arriving in the United States"); *id.* § 1225(b)(2)(C) (aliens "arriving on land . . . from a foreign territory contiguous to the United States" may be returned to that territory pending removal proceedings); *id.* § 1225(d)(1) (immigration officers authorized to inspect "any vessel, aircraft, railway car, or other conveyance or vehicle in which they believe aliens are being brought into the United States"). The statute further explicitly addresses "crewm[e]n" and "stowaway[s]" in § 1225(b)(2), reflecting that Congress envisions § 1225 to apply broadly to "arriving"

9

noncitizens—not just § 1225(b)(1). In addition, its sister statute, 8 U.S.C. § 1225a, focuses on the pre-inspection of aliens entering the country at foreign airports. As Respondents concede, Mr. Mendoza Loera "is not 'arriving' in the United States." Dkt. 13 at 5.

Respondents also argue that Mr. Mendoza Loera is an "applicant for admission" according to *Thuraissigiam*, 591 U.S. at 118–19, which held that a noncitizen apprehended 25 yards from the border and seeking admission was not entitled to habeas relief. *Id.* But *Thuraissigiam* is legally and factually distinct from the petition. The *Thuraissigiam* Court makes the distinction clear:

> While aliens who have established connections in this country have due process rights in deportation proceedings, the Court long ago held that Congress is entitled to set the conditions for an alien's lawful entry into this country and that, as a result, an alien at the threshold of initial entry cannot claim any greater rights under the Due Process Clause. Respondent attempted to enter the country illegally and was apprehended just 25 yards from the border. He therefore has no entitlement to procedural rights other than those afforded by statute.

*Id.* (internal citations omitted). In contrast to the *Thuraissigiam* petitioner, Mr. Mendoza Loera has resided within the United States since 1997; he was not apprehended mere yards from the territorial border.

Respondents' interpretation also disregards the relationship between § 1225 and § 1226 within the INA. While § 1225 focuses on "inspection" of "arriving aliens," § 1226 pertains to the "[a]pprehension and detention of aliens." The plain language here suggests that § 1226—not § 1225—applies to Mr. Mendoza Loera because he is an alien, who was "apprehended" and "detained" after a warrant was issued for his arrest.

10

Last, Respondents' interpretation of § 1225(b)(2) would make the recently enacted amendment to § 1226(c) superfluous. Congress passed the Laken Riley Act in 2025 to amend section 1226(c) and include more classes of aliens who are ineligible for bond under § 1226(a). Laken Riley Act, Pub. L. No. 119-1, sec. 236, § 2, 139 Stat. 3, 3 (2025). One of those new classes of non-bondable aliens are aliens not admitted into the United States who were charged with specific crimes. 8 U.S.C. § 1226(c)(1)(E) (citing *id.* § 1182(a)(6)(A)). Under the Respondents' expansive interpretation of § 1225, the amendment would have no purpose. Section 1225(b)(2) would already provide for mandatory detention of every unadmitted alien, regardless of whether the alien falls within one of the new classes of non-bondable aliens established by the Laken Riley Act. Courts construe statutes "so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." *Corley v. United States*, 556 U.S. 303, 314 (2009). "A basic canon of construction requires us to give meaning to every word of a statute." *Senne v. Vill. of Palatine, Ill.*, 695 F.3d 597, 605 (7th Cir. 2012). Adopting Respondents' reading would render § 1226(c) completely unnecessary.

### C. Mr. Mendoza Loera Has Not Had a Bond Hearing

In the alternative, Respondents argue that Mr. Mendoza Loera is being lawfully detained under § 1226a "because he has received a hearing before an Immigration Judge." Dkt. 13 at 10. Thus, this Court cannot review the IJ's decision due to § 1226(e), which states:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court

11

> may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

*Id.* (quoting 8 U.S.C. § 1226(e)).

Mr. Mendoza Loera argues that this was not a "bond hearing" pursuant to § 1226; "[a] proceeding in which the judge cannot consider evidence, weigh danger or flight risk, or exercise discretion is not a bond hearing in any constitutional sense. It is a jurisdictional dismissal. Petitioner therefore remains without any avenue to obtain custody review before EOIR." Dkt. 14 at 2.

There is no evidence that Mr. Mendoza Loera had a bond hearing where the IJ made an individualized determination of his custody pursuant to 8 C.F.R. § 236.1(d)(1). Instead, the IJ declined to hold a bond hearing because she determined that she lacked jurisdiction. *See* dkt. 13-3. This was not a "discretionary judgment" and/or a "decision . . . regarding the detention of any alien or the revocation or denial of bond or parole." § 1226(e). Indeed, *Matter of Yajure Hurtado*—the basis for the IJ's decision—plainly states that IJs "lack authority to *hear bond requests* or to grant bond to aliens who are present in the United States without admission." 29 I. & N. Dec. at 225 (emphasis added). This implies that IJs following *Matter of Yajure Hurtado* cannot hear bond requests for noncitizens such as Mr. Mendoza Loera.

Furthermore, Respondent does not cite any binding precedent applying § 1226(e) to the rejection of a bond hearing as opposed to a denial of bond following a hearing. Respondents cite *Demore v. Kim*, 583 U.S. 510 (2003), which held that § 1226(e) did *not* deprive courts of habeas jurisdiction over a challenge to

12

detention under § 1226(c) because the petitioner did not challenge a discretionary judgment or a decision, but the statutory framework permitting his detention without bail. 530 U.S. at 516–17. In sum, the IJ's decision to refrain from exercising jurisdiction did not constitute a discretionary judgment and thus, § 1226(e) does not preclude jurisdiction. Furthermore, Respondents have not shown that Mr. Mendoza Loera received a bond hearing wherein an IJ denied bond. This means that his detention pursuant to § 1226(a) is currently unlawful

### III. Scope of Relief

Mr. Mendoza Loera is entitled to habeas relief because his continued detention without a bond hearing violates ". . . the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Mendoza Loera requests immediate release from custody or, in the alternative, an individualized bond hearing. Dkt. 1 at 5. Immediate release is the customary remedy in habeas proceedings. *See Thursaissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Mr. Mendoza Loera's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a).

### IV.     Conclusion

The Court **grants** the petition to the extent that **no later than 5:00 p.m. on November 25, 2025, Respondents must either**: (1) provide Mr. Mendoza Loera with an individualized bond hearing before an IJ pursuant to 8 U.S.C. § 1226(a); or (2) release Mr. Mendoza Loera from custody, under reasonable conditions of supervision. No later than **12:00 p.m. on November 26, 2025,** Respondents must file a notice with the Court certifying that they have complied with the Court's order. The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 11/21/2025

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Liberty L. Roberts
CHURCH CHURCH HITTLE & ANTRIM (Noblesville)
lroberts@cchalaw.com

Kimberly Sabrina Weiss
The Spagui Law Firm
kspagui@spaguilaw.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov